**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**

**v.**                              **Case No. 4:06-CR-00333 GTE**

**RICHARD TURNER SMITH**

**ORDER DENYING MOTION TO QUASH**

Before the Court is a Motion to Quash filed by the United States. The Defendant Richard Smith has responded to the motion. The Court, after considering carefully the respective positions of the parties as stated in their briefs, concludes the motion should be denied, but directs the parties to confer regarding the appropriate conditions and procedures to govern the anticipated production of documents.

On September 20, 2007, counsel for the Defendant caused a subpoena to be issued to the Internal Revenue Service ("IRS"). The subpoena includes 7 separate requests, only one of which is at issue in the present motion. Request No. 7 requests the production of "all Internal Revenue Records or Information or other Documents in the possession of the IRS, or to which the IRS has access . . . for tax years 1995 through the present . . ." for five individual taxpayers other than the Defendant. (See Subpoena, Exh. A to motion). The Defendant states that this documentation is needed for his effective defense and that many of the documents are unavailable from any source other than the IRS. The United States argues that the IRS is precluded from disclosing the requested information absent a Court Order pursuant to 26 U.S.C. § 6103(h)(4). The United States further argues that none of the three exceptions permitting the disclosure of the requested information apply here. Defendant disagrees.

Under § 6103(h)(4), tax return and return information may be disclosed in a federal judicial proceeding pertaining to tax administration, but only:

(A) if the taxpayer is a party to the proceeding . . . ;
(B) if the treatment of an item reflected on the return is directly related to the resolution of an issue in the proceeding;
(C) if such return or return information directly relates to a transactional relationship between a person who is a party to the proceeding and the taxpayer which directly affects that resolution of an issue in the proceeding;   or
(D) to the extent required by order of a court pursuant to section 3500 of title 18, United States Code, or rule 16 of the Federal Rules of Criminal Procedure, such court being authorized in the issuance of such order to give due consideration to congressional policy favoring the confidentiality of returns and return information set forth in this title.

26 U.S.C. § 6103(h)(A)-(D).

The Defendant has presented a compelling argument that the requested information constitutes *Brady* material. Citing *United States v. Grace*, 401 F.Supp.2d 1069 (D. Mont. 2005), Defendant argues that the requested tax returns and return information constitute *Brady* materials pursuant to Fed. R. Crim. P. 16(a)(1)(E) because the documents are in the possession of the Government (i.e., the IRS) and they are alleged to contain exculpatory or impeachment evidence. Defendant has argued and documented his position well. He has included an affidavit from his attorney presenting the underlying facts to support this theory that the requested information constitutes *Brady* material.   Based upon the Defendant's presentation, the Court concludes that it should exercise its statutory authority to permit disclosure of the documents requested in Request No .7 of the IRS subpoena.

However, the Court further concludes that such disclosure is contingent upon adequate steps being taken for the protection of the privacy of the individual tax payers in question. While the United States has suggested that the Court undertake an *in camera* review of the documents

prior to permitting their review, such an approach seems somewhat problematic given the technical nature of the tax theories involved in this case, theories with which counsel is much more familiar than the Court. Further, it may be that the specifics in which Defendant has a legitimate interest may only be understood in the context of the whole.

The Court is concerned that the identity of said taxpayers be protected from disclosure at all times. It strikes the Court that an appropriate procedure to do so might be to provide each taxpayer with a specific identity, "Taxpayer 1," for example, and to use that identity consistently in all papers filed in the case and also during all court proceedings. Such approach has the added advantage of reducing the number of pleadings that will need to be sealed or redacted. Incidentally, the Court reminds counsel that it favors the redaction of filed documents, when possible, over the sealing of such documents. Filing documents under seal should only be done when absolutely necessary.

Additionally, the documents provided to the defense should be destroyed at the conclusion of this litigation or other steps taken to ensure that the documents are used solely for purposes of this litigation and unavailable for any other purpose.   Finally, the Court recognizes that not all responsive information should necessarily be provided in written form to the Defendant, although the Court's present view is that defense counsel should initially be permitted to examine that information. Perhaps the parties can review the subpoenaed information together to identify that information which is legitimate *Brady* material and that which should be redacted or omitted from the final production. The parties shall consider this observation with the understanding that they may agree to disregard it.

The Court will not attempt to set forth all the conditions under which the documents may be released. Instead, the Court directs counsel to confer and, with the above guidelines in mind,

to agree if possible upon a mutually agreeable procedure to protect the privacy of the taxpayers in question and their private tax information to be produced in response to Request No. 7.  The Court notes that counsel have worked together successfully to resolve earlier discovery disputes. The Court appreciates the work of the parties in this regard.  In the event an agreement can not be reached, the Court is available to resolve any disputes.

The parties should understand that the Court's ruling here is not a final ruling on the Defendant's *Brady* contentions.  After disclosure, the Government will still be free to argue that the matters disclosed should not be admitted into evidence as *Brady* materials or otherwise.  Only when the information is disclosed and before the Court can a final evidentiary ruling be made.

## CONCLUSION

IT IS HEREBY ORDERED THAT the United States of America's Motion to Quash (Docket No. 52) be, and it is hereby, DENIED.    Prior to the disclosure of the documents responsive to Request No. 7, the parties are directed to advise the Court in writing of the proposed agreement reached to protect the confidentiality of the five taxpayers in question.

IT IS SO ORDERED THIS ___20th___ day of November, 2007.

        _/s/Garnett Thomas Eisele_____
        UNITED STATES DISTRICT JUDGE