**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                                   **Case No. 4:06-CR-00333 (01) GTE**

**RICHARD TURNER SMITH**

### ORDER DENYING BILL OF PARTICULARS

Before the Court is a Motion for Bill of Particulars filed by the Defendant Richard Turner Smith.  The United States has objected to the motion.  The Court concludes the motion should be denied.

Defendant requests that the United States be directed to produce specified "[p]articulars of its case-in-chief so the Defendant can adequately prepare for trial and to avoid surprise and delay of trial."  The particulars requested are quite detailed.

The standard for addressing such motions has been summarized as follows: "An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted."  *U.S. v. Wessels*, 12 F.3d 746, 750 (8th Cir. 1993).

The Court finds that the Superseding Indictment is sufficient in this regard and that the requested bill of particulars is not justified.   Mr. Turner's request resembles a discovery request or an effort to obtained detailed disclosure of the government's trial presentation, neither of which is a legitimate purpose for a bill of particulars.  *Id*.

Additionally, from the Government's response it appears that the United States has been very

- 1 -

forthcoming with its theories of wrongdoing, the facts upon which its theories are based, and available evidence, including grand jury testimony. Thus, the allegation that additional particulars must be disclosed to avoid unfair surprise does not appear credible.

## CONCLUSION

IT IS HEREBY ORDERED THAT the Defendant Richard Turner's Motion for Bill of Particulars (Docket No. 85) be, and it is hereby, DENIED.

IT IS FURTHER ORDERED THAT the Defendant Richard Turner's Motion for Reconsideration (Docket No. 76), which challenges a prior Court Order (Docket No. 74) denying Defendant's request to subpoena tax return information from the IRS for taxpayers with no connection to this case be, and it is hereby, DENIED.

IT IS SO ORDERED THIS 21st day of January, 2009.

                                                        /s/ Garnett Thomas Eisele  
                                              UNITED STATES DISTRICT JUDGE